

**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

_Office of International Affairs_              _Washington, D.C.  20530_

March 21, 2024

The Honorable Benjamin W. Cheesbro
United States Magistrate Judge
Frank M. Scarlett Federal Building
801 Gloucester Street
Brunswick, Georgia 31520

      Re:    Verification of Consent to Transfer Hearing for
               Erly Edward Murillo-Angulo, Reg. No. 33074-509

Dear Judge Cheesbro:

      The Consent Verification Hearing is scheduled for April 8, 2024, at 1:30 p.m.  Enclosed are documents for the above-mentioned prisoner, as well as:

1. Verification of consent to transfer forms;
2. The Council of Europe Convention;
3. 18 U.S.C. §§4100-4115;
4. Proceedings for the Transfer of Offenders to or from Foreign Countries.

      Please note that for security reasons it is BOP policy not to disclose this date to anyone other than the individuals involved in the consent verification hearing that need to know.  As a result, this information should not be disclosed to anyone else including the prisoner's family members and consulate.  If you have any questions, please call me at 202-514-7245 or 202-514-3173.

                            Sincerely,

                            Vaughn A. Ary
                            Director

                            _April L. Days_

            By:    April L. Days
                   Paralegal Specialist

cc:    Ryan Stewart, Attorney, Brunswick, GA
       U.S. Attorney's Office, Brunswick, GA



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

---

*Office of International Affairs*                    *Washington, D.C.  20530*

MEMORANDUM

DATE:          March 21, 2024

TO:            Jamey Koehn
               Federal Bureau of Prisons
               (202-598-8018)

FROM:          April L. Days
               International Prisoner Transfer Unit
               (202-514-7245)

SUBJECT:       Verification of Consent to Transfer Hearing for
               Erly Edward Murillo-Angulo, Reg. No. 33074-509


     The consent verification hearing to transfer for above-mentioned prisoner will be held on Monday, April 8, 2024, at 1:30 p.m., United States District Courthouse, 801 Gloucester Street, Brunswick, Georgia.  The hearing will be conducted by U.S. Magistrate Judge Benjamin W. Cheesbro (912-262-2602).  The prisoner will be represented by attorney Ryan Stewart (404-458-8219).  The contact number for the United States Attorney's Office (912-201-2500). The prisoner will be brought by a U.S. Marshal to the lockup at the Courthouse in Brunswick, Georgia by noon to meet with Mr. Stewart prior to his hearing.

cc:    Honorable Benjamin W. Cheesbro
       U.S. Magistrate Judge

       Ryan Stewart
       Attorney

       Assistant U.S. Attorney



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

_Office of International Affairs_                    _Washington, D.C.  20530_

Hearing:      April 8, 2024              At:  1:30 p.m.
In:           Brunswick, Georgia
The Honorable Benjamin W. Cheesbro
The Southern District of Georgia

                         FCI Jesup

<u>Federal Inmate</u>

Erly Edward Murillo-Angulo
Reg. No. 33074-509
Country: Costa Rica
Projected Release Date: 7/8/2025
Language:  **Spanish – prisoner will need an interpreter**
Gender: Male
Race: Black
DOB:  10/20/1982
POB:  Colombia
United States District Court
Southern District of Texas  / Houston Division
Case No.: 4:18CR499-002



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

*Office of International Affairs*                                    *Washington, D.C. 20530*

---

<u>MEMORANDUM</u>

DATE:             March 21, 2024

TO:               Assistant United States Attorney
                  Southern District of Georgia

ATTN:

FROM:             April L. Days
                  International Prisoner Transfer Unit

SUBJECT:          Verification of Consent to Transfer Hearing for
                  Erly Edward Murillo-Angulo, Reg. No. 33074-509


       Please prepare a writ/order to produce for the above-referenced prisoner. Arrange to have the prisoner brought to the U.S. Marshal's lockup at the courthouse in Brunswick, Georgia on April 8, 2024, by noon for his verification hearing and return to FCI - Jesup.



**U.S. Department of Justice**

Criminal Division

---

*Office of International Affairs*                    *Washington, D.C.  20530*

**THE INSTRUCTIONS FOR DISTRIBUTING THE SIGNED CONSENT VERIFICATION FORMS FOLLOWING THE COMPLETION OF THE HEARING FOR FEDERAL PRISONERS ARE AS FOLLOWS:**

-       One original or certified copy of signed consent form for the Magistrate Judge to maintain for the court records;

-       Two original or certified copies of signed consent forms for the Magistrate Judge to mail to the International Prisoner Transfer Unit along with the recording of the hearing (for U.S. Department of Justice and the Federal Bureau of Prisons records).

Subsequent to the completion of the Consent Verification Proceeding, please email or fax me copies of all signed consent and/or withdrawal form(s) that were executed at the hearing.  In addition, please forward to me the original or certified copies of each consent and/or withdrawal form(s) along with the recording of the Verification and Consent Hearing as soon as possible.  Our office is required to maintain these records.  This is important because the Federal Bureau of Prisons will not make arrangements to collect prisoners until it receives a copy of the executed forms.

April L. Days
International Prisoner Transfer Unit
Office of International Affairs
John C. Keeney Building, 3rd Floor
1301 New York Avenue, N.W.
Washington, D.C. 20530
Office:  (202) 514-7245 (Direct) / (202) 514-3173 (Main)
E-mail: April.Days@usdoj.gov

**Place of hearing**:                              **Docket number**:

**Date**:                    **Prisoner register No.**: 33074-509   **DOJ#**: CRM-236539-03-35-200

### VERIFICATION OF CONSENT TO TRANSFER TO COSTA RICA
### <u>FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA</u>

I, Erley Edward Murillo-Angulo, having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to COSTA RICA for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1.      My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2.      My sentence will be carried out according to the laws of COSTA RICA;

3.      If a court of COSTA RICA should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of COSTA RICA, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4.      Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

5.      I understand that if I have a motion pending requesting a sentence reduction based on recent retroactive changes to the sentencing guidelines or if I have a motion pending under the recently announced executive clemency program, it is my responsibility to notify the Department of Justice if these motions subsequently result in a change to my sentence. I understand that this notification is necessary so that the Department will be able to notify the country administering my transferred sentence. This notification should include a copy of the order and should be sent to: The International Prisoner Transfer Unit, Office of International Affairs, Criminal Division, United States Department of Justice, 1301 New York Avenue, NW, Washington, D.C. 20530.

I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer. I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements. I hereby consent to my transfer to COSTA RICA for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

Subscribed before me this _____ day of _____, 20____. Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements.

_____
Verifying Officer

_____
Print name and office

**Place of hearing**:                                    **Docket number**:

**Date**:                    **Prisoner register No.**: 33074-509   **DOJ#**: CRM-236539-03-35-200

## VERIFICATION OF CONSENT TO TRANSFER TO COSTA RICA
## FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA

      I, Erley Edward Murillo-Angulo, having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to COSTA RICA for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1.      My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2.      My sentence will be carried out according to the laws of COSTA RICA;

3.      If a court of COSTA RICA should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of COSTA RICA, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4.      Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

5.      I understand that if I have a motion pending requesting a sentence reduction based on recent retroactive changes to the sentencing guidelines or if I have a motion pending under the recently announced executive clemency program, it is my responsibility to notify the Department of Justice if these motions subsequently result in a change to my sentence.  I understand that this notification is necessary so that the Department will be able to notify the country administering my transferred sentence.  This notification should include a copy of the order and should be sent to: The International Prisoner Transfer Unit, Office of International Affairs, Criminal Division, United States Department of Justice, 1301 New York Avenue, NW, Washington, D.C. 20530.

      I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer.  I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements.  I hereby consent to my transfer to COSTA RICA for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

      Subscribed before me this _____ day of _____, 20____.  Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements.

_____
Verifying Officer

_____
Print name and office

**Place of hearing**:                                    **Docket number**:

**Date**:                    **Prisoner register No.**: 33074-509   **DOJ#**: CRM-236539-03-35-200

**VERIFICATION OF CONSENT TO TRANSFER TO COSTA RICA**
**FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA**

I, Erley Edward Murillo-Angulo, having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to COSTA RICA for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1.      My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2.      My sentence will be carried out according to the laws of COSTA RICA;

3.      If a court of COSTA RICA should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of COSTA RICA, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4.      Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

5.      I understand that if I have a motion pending requesting a sentence reduction based on recent retroactive changes to the sentencing guidelines or if I have a motion pending under the recently announced executive clemency program, it is my responsibility to notify the Department of Justice if these motions subsequently result in a change to my sentence.  I understand that this notification is necessary so that the Department will be able to notify the country administering my transferred sentence.  This notification should include a copy of the order and should be sent to: The International Prisoner Transfer Unit, Office of International Affairs, Criminal Division, United States Department of Justice, 1301 New York Avenue, NW, Washington, D.C. 20530.

I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer.  I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements.  I hereby consent to my transfer to COSTA RICA for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

Subscribed before me this _____ day of _____, 20____.  Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements.

_____
Verifying Officer

_____
Print name and office

**<u>Instructions:</u>**

**Court**: If the prisoner declines to consent to the transfer, please have the prisoner execute this form. Please email April.Days@usdoj.gov the executed form to the International Prisoner Transfer Unit as soon as possible after the hearing and the Prisoner Transfer Unit will notify the foreign government and the United States Bureau of Prisons.

<u>WITHDRAWAL OF CONSENT TO TRANSFER BY FOREIGN NATIONAL</u>

I, _____, hereby indicate that I am no longer interested
             (PRISONER)

in being transferred to my home country to continue serving the sentence imposed on me by a court in

the United States.

_____ _____
Signature of prisoner               Date

_____
Prisoner number

_____
Institution or hearing location (City, State or Country)

_____
Verifying Officer or Witness

_____
Print name and office

# MINISTERIO DE JUSTICIA Y PAZ | GOBIERNO DE COSTA RICA

**DIRECCION GENERAL ADAPTACION SOCIAL | UNIDAD DE REPATRIACIONES**

AC UR 03-510-2024

Nataly Grayer
International Prisoner Transfer Unit
U.S Department of Justice.
Re: **Edward Erley Murillo-Angulo, Reg. No. 33074-509**

March 15, 2024.

Approval from Costa Rica for Transfer

Dear Mrs Grayer:

The Justice Department of Costa Rica is requesting that the transfer for the above inmate to serve his sentence pursuant to the Convention on the Transfer of Sentenced Person (The Strasbourg Convention) be completed and get his final approval from the USA authorities.

Once the transferred is completed, Costa Rica will apply a conversion of the imposed by the authorities of the U.S.A., release arrangements, will be applied to the balance of the sentence remaining to be served at the date of transfer.  Costa Rica is also obliged to deduct from the original sentence the amount of time already served in custody in the U.S.A.  Including time spent in pre-trial detention and any credits earned.  Once he serves the half way of his sentence, he could be considered for release on parole license before a Judge, but this is discretionary and not guaranteed.  If he is not release on parole she will be entitled for a parole review of his case and if he is finally successful on his request the prisoner will be subject to supervision.

I like to state That Costa Rica has approved the request to be transferred to our Country, in accordance with article 6.1 of the Convention.

You will also find enclose to this letter proof of citizenship and law applicable to the crime committed in the USA.

Please feel free to call me if there is any information I can provide regarding this request.

Walter Corea

Chief





**AC-UR 03-509-2024**

## CHAPTER III

### Import and Export Requirements

Article 41. The importation of controlled substances such as precursors or essential chemical substances, as well as machinery and accessories described under Article 36 of this law, requires the prior authorization of the specialized unit of the Costa Rican Institute on Drugs.

Article 42. Any natural or legal person that imports, exports distributes, sells, and produces goods and services that use precursors or essential chemicals as raw materials or inputs, must register with the Costa Rican Institute on Drugs, pursuant to subparagraph b) of Article 38 of this Law.

The following requirements must be met to process registration:

a) Fill out the application for registration form which must describe, under oath:

1. The substances to be imported, manufactured, used, sold or distributed by the company.

2. The estimated annual imports of each of the substances.

3. The chemical or generic name of each substance or product and the brand names, if any.

4. The use to be given to each substance, and for manufacturing, the products on which the precursor or essential chemical will be used, the respective proportions and the health registration number assigned to the products by the authorities competent on the matter (Ministry of Health, Ministry of Agriculture and others)

5. The regular manufacturer or supplier of each of the substances.

6. The name of the professional technical controller who will be legally responsible.

b) Submit the following:

1. Authenticated photocopy of the up to date health operating permit issued for an activity that justifies the use of the precursors that the natural or legal person will handle.

2. Photocopy of the corporate identification or the identification of the natural person requesting registration.

3. The referenced company registration with the Mercantile Registry.

4. The certificate of legal standing of the company (original document).

5. The legal tax stamps for the registration certificate.

c) Fill out the signature registration form for the company's legal representative.

The application submitted must be resolved within a maximum period of five business days.



Article 43. Every month, or prior to authorization of the new import, the companies that import the controlled substances referred to in this Chapter, must report the following to the Costa Rican Institute on Drugs:

a) The up to date precursors and essential chemicals inventory on the form that the specialized unit of the Costa Rican Institute on Drugs, issues for this purpose.

b) Description of the item manufactured and the quantities of substances used.

c) Description of sales, with copies of invoices confirming the name of the buyer, its street address, the products purchased and the quantities.

d) Description of exports and re-exports made; attaching copies of the respective exportation and re-exportation policies.

Article 44. For the precursors and controlled chemical substances to clear customs, the interested parties must submit the following documents to the specialized unit of the Costa Rican Institute on Drugs:

a) Import authorization application, on the form that the specialized unit of the referenced Institute will prepare for that purpose, on which it must indicate the registration number assigned in accordance with Article 42 of this Law.

b) The original or certified copy of the purchase invoice for the substance to be cleared through customs.

c) The original or certified copy of the Bill of Lading, the Air Waybill or Consignment Letter, as pertinent.

The specialized unit of the Institute must resolve the application within one business day, as of such time as it receives the documentation indicated.

Article 45. The specialized unit of the Costa Rican Institute on Drugs will keep detailed records of the authorizations, licenses or similar permits granted, rejected or revoked, as well as all information related thereto; in addition, it must periodically inspect the establishments registering the activities reported; to do this it must create a team of specialized inspectors. Likewise, it may have the support of the police responsible for the control of unauthorized drugs and connected activities, to which it will transfer the investigation of irregular situations it may discover and that may be linked to one of the crimes contained in this Law.

Article 46. Import permits will expire one hundred eighty days after they are issued, while export and re-export permits expire ninety days after they are authorized.

These permits will be used a single time and will exclusively cover a single invoice, which may contain several substances, machinery or elements covered by these regulations.



Article 47. Whoever is covered under these regulations must keep, as applicable, records of their inventory, production, manufacturing, acquisition and distribution of substances, machinery and accessories, pursuant to the provisions of this Chapter.

Article 48. Whoever performs the activities indicated under Article 36 of this Law, must keep a complete, reliable and up to date inventory of the substances, machinery and accessories referred to in this Chapter; in addition, they must keep records that confirm at least the following information:

a) The quantity received from other persons or companies.

b. The quantity produced, manufactured or prepared.

c) The quantity derived from importation.

d) The quantity used in manufacturing and preparing other products.

e) The quantity distributed internally.

f) The quantity exported or re-exported.

g) The quantity in stock.

h) The quantity lost due to accidents, evaporation, theft or similar events.

Article 49. The records of the transactions mentioned in subparagraphs a), c), e) and f) of the preceding article, must contain, at least, the following information:

a) The transaction date.

b) The name, address and license or registration number of each of the parties that made the transaction and that of the final recipient.

c) The generic or brand name, the quantity and manner of presentation of the precursors and other chemical products.

d) The brand name, model and series number of the machinery and accessories.

e) The method of transport and identification of the transport company.

Article 50. Whoever carries out any of the activities indicated under Article 36 of this Law, must immediately report to the specialized unit of the Costa Rican Institute on Drugs any transactions made or proposed to which they are a party, when they have sufficient reason to believe that those substances, machinery and accessories may be used in the production, manufacture, extraction or preparation of narcotics, psychotropic substances or others with similar effect.

Article 51. Reasonable motivation is considered to exist, pursuant to the preceding article, when the illegal quantity of substances, machinery and accessories sold referred to under Article 36 of this Law, the manner of payment or personal characteristics of the acquirer are not normal or are not consistent with the information provided beforehand by the specialized unit of the Costa Rican Institute on Drugs.



Article 52. The specialized unit of the Costa Rican Institute on Drugs must be informed of irregular or excessive loss or disappearance of the substances, the machinery and accessories that are under its control.

Article 53.  The report referred to under Article 52 of this Law must contain all available information and must be provided to the specialized unit of the Costa Rican Institute on Drugs, as soon as the circumstances that justify the suspicion are known, by the fastest method and with the most advanced notification possible upon finalization of the transaction.

Article 54. Once the information is verified, the specialized unit of the Costa Rican Institute on Drugs must report it to the authorities in the country of origin, destination or transit, as soon as possible, providing all available background.

Article 55. The articles preceding this Chapter are also applicable in cases of customs transit and transshipment, where Ministry of Finance National Customs Service officials, as those responsible for control of these transactions, must also report to the specialized unit of the Costa Rican Institute on Drugs any irregular situation detected.

Article 56.  The legal representative of the Costa Rican Petroleum Institute must send a monthly report to the General Department of the Costa Rican Institute on Drugs, on the production of jet fuel and aircraft gasoline; that report must indicate the quantity sold and the buyer.

**TITLE IV**

**Crimes and Security Measures**

**Chapter I**

**Crimes**

Article 57. For anything not expressly regulated under this Title, criminal and criminal procedures legislation must be applied as a supplement. However, when the judge hears the specific case, it must always apply the provisions and principles of the Criminal Code.

Article 58. A penalty of eight to fifteen years' imprisonment will be imposed on whoever, without legal authorization, distributes, trades, supplies, manufactures, prepares, refines, transforms, extracts, prepares, cultivates, produces, transports, stores or sells drugs, the substances or the products referred to under this Law or who cultivates plants from which it obtains such substances or products. The same penalty will be imposed on whoever, without due authorization, is in possession of these drugs, substances, or products for any of the purposes indicated and who owns or trades seeds capable of germinating or other natural products to produce the referenced drugs.

Article 59. A penalty of three to eight years' imprisonment will be imposed on whoever, constructs or facilitates the use of air fields or landing docks, arising from transporting money or goods derived from drug trafficking, the drugs or substances referred to under this Law.



Article 60. A penalty of four to eight years' imprisonment will be imposed on whoever, by any method, intimidates or dissuades another person to avoid complaints, testimony, investigation, promotion and performance of a criminal action or trail for the criminal activities described under this Law.

Article 61.  A penalty of three to ten years' imprisonment will be imposed on whoever, by promise of remuneration, exhorts a public official to procure, by any means, impunity or evasion by persons subject to investigation, charged or condemned for committing one of the crimes described in this Law.

The same penalty will be imposed on whoever, alters, conceals, steals or makes clues, proof or instruments of the crime disappear or ensures the benefits or proceeds of such acts.

Article 62.  A penalty of three to ten years' imprisonment and prohibition to exercise public functions for the same period will be imposed on public officials who procure, by any means, impunity or evasion by persons subject to investigation, charged or condemned for committing one of the crimes described under this Law.

The penalty will be eight to twenty years' imprisonment, if the acts referred to in the preceding paragraph are committed by a judge or prosecutor of the Republic.

If the acts occur due to the fault of an official or employee, a penalty of six months to three years' imprisonment will be imposed for the cases in the first paragraph of this article and a penalty of two to five years' imprisonment when it involves acts under the second paragraph; in both cases, prohibition to hold public positions will be imposed for the same period.

Article 63. A penalty of three (3) to eight (8) years' imprisonment and prohibition to hold public positions for up to five (5) years, will be imposed on the public official or private subjects that work in the Financial System and who, having confidential information in their custody related to drug trafficking, to investigations regarding money laundering or terrorism financing, authorize or carry out the destruction or disappearance of this information, without complying with the legal requirements.

*(As reformed by Article 2, point 1, clause b) of the Law to Strengthen Legislation against Terrorism, No. 8719 of March 4, 2009).*

Article 64.  A penalty of two to five years' imprisonment will be imposed on whoever, being legitimately authorized, dispenses or supplies the controlled substances referred to under this Law, by medical prescription or exceeds the quantities indicated in the prescription. In addition to this penalty, a prohibition of four to eight years will be imposed from exercising their profession or occupation.

Article 65.  Unless penalized more severely, a penalty of six months to three years' imprisonment and prohibition of up to two years from exercising their profession, will be imposed on the following persons:



a) The doctors who, while authorized to prescribe the substances or products referred to under this Law, prescribe them without complying with the formal provisions under Article 2, as well as those in other laws and regulations on the matter.

b) Pharmaceutical controllers, veterinarians and professional technical controllers to which this Law refers, when they:

1. Do not keep due control of the records of movements of narcotics and the psychotropic substances or products referred to under this Law.

2. Do not show to the health authorities the corresponding documentation for better control of the sale, supply and use of narcotics and the psychotropic substances or products referred to under this Law.

3. Permit unauthorized personnel to keep in storage, handle or dispense prescriptions for narcotics or the psychotropic products declared to have restricted use.

Article 66. A penalty of one to six years' imprisonment will be imposed on those persons responsible or employees of establishments open to the public, who permit the gathering of persons at the shop to consume drugs and the products regulated under this Law.

Likewise, the license, permit or authorization to carry out the activity, by which the crime is committed, may be ordered cancelled or order temporary or definitive closing of the activity, the establishment of the company through which the crime was committed.

Article 67. A penalty of three to eight years imprisonment will be imposed on whoever, directly or through an intermediary, influences a public official or public authority, relying on the authority of its position or any other situation derived from the personal or legal relationship with it or with another public official or authority, real or simulated, to obtain licenses, permits or administrative processes that facilitate the commission of the crimes established under this Law, for the purpose of achieving, directly or indirectly, a financial benefit through that or taking undue advantage for itself or another.

Article 68. A penalty of five to fifteen years' imprisonment will be imposed on whoever receives or uses money or any other financial resource derived from illegal drug trafficking or money laundering to finance political-electoral or party activities.

    Article 69. A penalty of eight (8) to twenty (20) years' imprisonment will be imposed on:

a) Whoever acquires, converts or transmits goods of financial interest, knowing that these were derived from a crime that, within the range of its penalties, may be punishable by four (4) or more years' imprisonment, or carries out another act to conceal or cover-up the illegal source or to help the person that participated in the infractions to elude the legal consequences of its acts.

b) Whoever conceals or covers-up the true nature, source, location, destination, movement or rights to the goods or ownership thereof, knowing that they are derived, directly or indirectly, from a crime that within the range of penalties is punishable by four (4) or more years' imprisonment.



The penalty will be ten (10) to twenty (20) years' imprisonment when the goods of financial interest derive from one of the crimes related to illegal trafficking of narcotics, psychotropic substances, money laundering, diversion of precursors, essential chemical substances and associated crimes, conducts typically considered to be terrorist activities, pursuant to the current legislation or when the purpose is to finance acts of terrorism and terrorist

*(As reformed by Article 2, point 1, clause b) of the Law to Strengthen Legislation against Terrorism, No. 8719 of March 4, 2009).*

Article. 69 bis. A penalty of five (5) to fifteen (15) years' imprisonment will be imposed on whoever, by any method, direct or indirect, raises, conceals, provides, promotes, facilitate or in any other manner cooperates to raise and deliver funds, financial proceeds, resources or instruments, in the country or abroad, with the intention and knowledge that these will be used or will finance acts of terrorism, or terrorist organizations, although these never occur, in accordance with International Law, or for purposes of terrorism.

This offense may be tried in Costa Rica, regardless of where it was committed.

*(As reformed by Article 2, point 2, clause c) of the Law to Strengthen Legislation against Terrorism, No. 8719 of March 4, 2009).*

Article 70. A penalty of one (1) to three (3) years' imprisonment will be imposed on the owner, board member, administrator or employee of financial entities, the representative or employee of the oversight and control office, as well as competent officials of the Customs Administration and the customs agent who, in exercising their functions, having appeared before a court, facilitate the commission of the crime of money laundering or the crime of terrorism financing.

*(As reformed by Article 2, point 1, clause b) of the Law to Strengthen Legislation against Terrorism, No. 8719 of March 4, 2009).*

Article 71. A penalty of three months to one year in prison will be imposed on whoever carries out any of the activities indicated under Article 36 of this Law, and who does not report immediately to the specialized unit of the Costa Rican Institute on Drugs those transactions made or proposed to which they are a party, when they have sufficient reason to believe that the substances, machinery and accessories may be used in the production, manufacture, extraction or preparation of narcotics, psychotropic substances or others with similar effect.

Article 72. The crimes described in this Law may be investigated, tried or sentenced by the court or competent authority, regardless of whether the illegal trafficking crime and associated crimes or money laundering occurred within another territorial jurisdiction, without precluding extradition, when applicable under the law.

Article 73. A penalty of eight to fifteen years' imprisonment will be imposed on whoever produces, manufactures, prepares, distributes, transports, stores, imports or exports precursors or other



chemical products included under these regulations, in addition to machinery and accessories, for use in committing one of the crimes described under this Law.

The penalty will be eight to twenty years' imprisonment when the crime is committed through the establishment or use of a criminal organization.

Article 74. A penalty of one to three years' imprisonment will be imposed on whoever:

a) Uses legitimately obtained permits and licenses to import larger quantities than those authorized of precursors and other chemical substances included under these regulations or machinery and accessories different from those permitted under the authorizations. The same penalty will be imposed on whoever falsifies those permits and licenses.

b) Possesses, without authorization, precursors, chemicals, solvents or other substances that are used in processing the drugs or their derivatives referred to under this Law.

c) Modifies or changes the labels on the controlled products to make them pass for others, to divert them towards illegal activities or evading controls.

Article 75.  A penalty of three to eight years' imprisonment will be imposed on whoever diverts chemical products such as precursors, machinery or equipment towards ends or purposes other than those authorized within Costa Rica and outside the country.

Article 76.  Whoever complies with the requirements provided under Article 42 of this Law, but by supplying false information, will be penalized by up to six months' imprisonment.

Article 77. A penalty of eight to twenty years' imprisonment will be imposed when the conducts described under the preceding climes occurs at the same time as the following circumstance of the actor or accomplice:

a) The toxic drugs, narcotics or psychotropic substances are supplied to minors under the age of eighteen, mentally disabled or pregnant women.

b) The toxic drugs, narcotics or psychotropic substances are introduced or distributed in educational, cultural, sports or recreational centers, in penitentiaries and places where public events are held.

c) Minors, disabled persons or drug addicts are used to commit the crime.

d) The father, the mother, the guardian or the person responsible for the care and upbringing of the injured party is the actor of the crime.

e) When a person, taking advantage of their position as a professor, educator or spiritual guide of the injured party or in an obviously superior position, restricts the freedom of the victim.

f) When a group of three or more persons are organized to commit the crime.

g) When the crimes are committed on an international level.

h) When the person takes advantage of the public position they hold.

These penalties will also be applied to whoever finances or directs the organization involved in committing the crimes.



If the person responsible for the act works in an educational, public, private institution, the penalty will also involve a prohibition of six to twelve years from working in academia, at any level of the public or private educational system. The rectors or directors of educational centers will be responsible for compliance with this provision.

Article 78. In the cases indicated under Chapter 1, Title IV of this Law, the judge may also impose an additional penalty:

a) Cancellation of the license, permits, concession or authorization to carry out the activity, during the performance of which the crime was committed.

b) Temporary or definitive closing of the company or activity during the performance of which the crime was committed.

## CHAPTER II

### Security Measure

Article 79. Voluntary free internment or outpatient treatment will be promoted and facilitated, exclusively for therapeutic and rehabilitation purposes, at a public or private health center, for whoever consumes or uses unauthorized drugs on the public roads or public accesses; the purpose of this provision is to detoxify the addict and eliminate the addiction. When it involves minors, the authorities must report this situation to PANI (National Children's Institute), to undertake the necessary protection measures pursuant to the Child and Adolescent Code and Article 3 of this Law. If it involves minors, who use unauthorized drugs at a private location, PANI, formally or at the request of the party, must intervene and process the necessary protection measures, in accordance with the authority vested under the Child and Adolescent Code.

## CHAPTER III

### Administrative Penalties

Article 80. Financial institutions will be responsible for the acts of their employees, staff, members of the board, owners and other authorized representatives who, while performing their functions, participate in the commission of any of the crimes described under this Law. This responsibility will be accredited and penalized pursuant to the standards and procedures previously established under the legislation that regulates it.

Article 81. Natural and legal persons indicated under Article 14 and 15 of this Law, will be penalized by the competent oversight or control body, as follows:

**a)** With a fine of one percent (1%) of its equity, in the following cases:

**1)** When they do not record, on the form designed by the competent oversight and control body, their incoming and outgoing transactions, including transfers from or to another country, in national or foreign currency, equal to or higher than ten thousand dollars legal tender of the United States of America (US$10,000.00).



**2)** When multiple transactions are involved referred to under Article 23 of this Law, they do not record them on the form designed for that purpose by the competent oversight and control authority.

**3)** When they do not comply with the deadlines set by the corresponding oversight and control body, to submit the form referred to under subparagraph 1) above.

**4)** When they fail to comply with the provisions to identify those customers, in the terms set forth under Article 16 of this Law.

**5)** When they refuse to deliver to the bodies authorized by law, the information and documentation on suspicious transactions required under Article 17 of this Law or when they make such information available to unauthorized persons, infringing the provisions of Article 18 of this Law.

   **b)** With a fine of two percent (2%) of its equity, in the following cases:

**1)** When the entities indicated under Article 15 of this Law, refuse to register with SUGEF (Superintendent's Office for Financial Entities)

**2)** When they have not implemented the procedures for detecting, controlling and reporting suspicious or unusual financial transactions under the provisions of Articles 24 and 25 of this Law.

**3)** When they do not adopt, develop or implement internal programs, standards, procedures or controls to prevent the crimes described under this Law and when they do not appoint staff responsible for overseeing compliance with such controls, programs and procedures.

   Natural and legal persons indicated under Article 15 bis of this Law, will be penalized by the Costa Rican Institute on Drugs as follows:

   a) With a fine of one percent (1%) of its equity, in the following cases:

1) When they do not record their incoming and outgoing transactions, including transfers from or to another country, in national or foreign currency, equal to or higher than ten thousand dollars, legal tender of the United States of America (US$10,000.00), on the form designed by the UIF (Financial Intelligence Unit) of the Costa Rican Institute on Drugs

2) When multiple transactions are involved referred to under Article 23 of this Law, they do not record them on the form designed for that purpose by the UIF of the Costa Rican Institute on Drugs.

3) When they fail to comply with the provisions to identify customers, in the terms set forth under Article 16 of this Law.

4) When they refuse to deliver to the UIF of the Costa Rican Institute on Drugs, the necessary information and documentation on unusual or suspicious transactions.

   a) With a fine of two percent (2%) of its equity, in the following cases:

2) When they have not implemented the procedures for detecting, controlling and reporting suspicious or unusual financial transactions under the provisions of this Law.



**Unidad de Repatriaciones**

2) When they do not adopt, develop or implement internal programs, standards, procedures or controls to prevent the crimes described under this Law and when they do not appoint staff responsible for overseeing compliance with such controls, programs and procedures.

The amounts of the fines referred to under this Article, must be paid within eight (8) business days after they become final.  If the fine is not paid within the established period, there will be a late charge of three percent (3%) per month on the original amount, which will be advised by the corresponding oversight body.

The money arising from imposing the fines described in this Article, will be deposited into a special account in the name of the Costa Rican Institute on Drugs, which will use this money to develop its policies, strategies and to implement the preventive programs carried out by the corresponding oversight and control bodies and UIF.

*(As reformed by Article 2, point 1, clause b) of the Law to Strengthen Legislation against Terrorism, No. 8719 of March 4, 2009).*

Article 82. Natural or legal persons who develop the activities listed under Article 36 of this Law, are subject to the following administrative sanctions:

a) Temporary suspension of the registration referred to under Article 42 of this Law, when irregular situations are discovered that could be linked to any of the crimes described therein, that warrant the transfer of the investigation to the police in charge of controlling unauthorized drugs and associated activities.

b) Definitive cancellation of the registration referred to under Article 42, when it is proven that any of the crimes described under this Law are committed by employees, staff, directors, owners and others that may have acted as authorized representatives of the natural or legal persons issued the registration.

c) Administrative seizure, in favor of the Costa Rican Institute on Drugs, of the precursors or essential chemicals that may have been imported, locally purchased, produced, recycled or others, if they have not complied with the requirements under this and other laws and regulations that govern the matter.

**TITLE V**

**Seizure and Confiscation of the Assets Used as a Means or Derived from the Crimes Described under this Law.**

**CHAPTER I**

**Seizure**

Article 83. All personal and real property, vehicles, instruments, equipment, securities, money and other objects used to commit the crimes described under this Law, as well as the different assets and securities derived from such actions, will be seized preventively by the competent authority hearing



the case; the same will apply with respect to stock, capital contributions and the finances of the legal persons linked to such actions.

Interested third parties that comply with the provisions of Article 94 of this Law, will have three months, as of the communications mentioned under Articles 84 and 90 of this Law, to claim the assets and objects seized, during which period they must meet the legal requirements in such cases, without detriment to the provisions of preceding articles.

Article 84. If any of the measures mentioned in the foregoing article are ordered, the assets must be placed in the judicial depository, immediately and exclusively at the order of the Costa Rican Institute on Drugs. After insuring the assets for their value, to guaranty any possible redress for deterioration or destruction, the Costa Rican Institute on Drugs must use these assets, immediately and exclusively to comply with the purposes described under this Law, except in very specific cases approved by the Board of Directors; likewise, it may administer or deliver them under a trust with a state bank, as appropriate to its interests. If the assets are registered with the National Registry, the authority that hears the case will order the immediate respective annotation and will inform the Costa Rican Institute on Drugs. The benefits of administering the trust will be used to achieve the ends of the Institute.

If it is not possible to proceed in accordance with paragraph two of Article 90 of this Law, the Institute must publish a notice in the official newspaper indicating the objects, merchandise and other assets that it holds. Once the period established in the preceding Article expires without any interested parties taking the corresponding action, provided there is a court ruling, the assets and objects of value seized will become the the definitive property of the Institute and must be used for the purposes established under this LAW.

Article 85. The court authority will deposit the money seized into the checking account of the Costa Rican Institute on Drugs and will immediately send them a copy of the deposit made. From the interest earned, the Institute must use:

a) Sixty percent (60%) to comply with preventive programs, from this percentage, at least half will be used for programs on the prevention of use, treatment and rehabilitation developed by IAFA (Institute on Alcoholism and Drug Addiction).

b) Thirty percent (30%) for control programs.

c) Ten percent (10%) for insurance and maintenance of the seized assets, whose use will be as indicated under the preceding article.

   Article 86.  If an investigation is started by the competent authorities, judicial or administrative, with respect to the actions and crimes under this Law, all financial entities or those that are part of a financial group, will have the obligation to safeguard the information, documents, securities and monies that may be used as evidence or proof within the investigation or at the court trial; with respect to monies or securities that are held in deposit or custody, these must be frozen or deposited with the

 **Unidad de Repatriaciones**

Central Bank of Costa Rica and report the actions taken to the authorities. The foregoing obligations arise from such time as the entities receive, from the authorities, a formal notice on the existence of an investigation or a criminal court trial, or when the entities file the corresponding charges.

In the case of investigations by UIF of the Costa Rican Institute on Drugs, in the same notice sent to financial entities or a part of a financial group on the existence of the investigation, that Unit must notify the Public Prosecution Service of the process being developed, for them within a peremptory period of five (5) calendar days, to evaluate whether to request the competent judge to order the precautionary measures provided under Article 33 of this Law.  Once this period elapses, without an order from a competent judge to reiterate the precautionary measure, the financial entities will remove the preventive measures adopted.

These actions will not incur administrative, civil, penal or any kind of liability for the entities or staff that carry them out, if they act in good faith.

*(As reformed by Article 2, point 1, clause b) of the Law to Strengthen Legislation against Terrorism, No. 8719 of March 4, 2009).*

## CHAPTER II
### Confiscation

Article 87. If, a final ruling orders the confiscation in favor of the Costa Rican Institute on Drugs of the personal and real assets, as well as securities and cash money mentioned in the preceding articles, the Institute may keep them to comply with its objectives, donate them to public interest entities, giving priority to organisms whose purpose is to prevent and control drugs or auction them off.

When it involves cash, securities or the proceeds from the assets auctioned, the Costa Rican Institute on Drugs must use:

a) Sixty percent (60%) to comply with preventive programs, from this percentage, at least half will be used for programs on the prevention of use, treatment and rehabilitation developed by IAFA.

b) Thirty percent (30%) for control programs.

c) Ten percent (10%) for monitoring and maintaining the assets confiscated.

Article 88.  Perishable goods may be sold by the Institute, before a final sentence is issued within the respective court trials, in accordance with the regulations of the Institutions; to do this it must have an appraisal issued by the competent office of the Ministry of Finance.  The amounts obtained will be used as indicated in the foregoing article.



Article 89. In cases where the assets confiscated must be registered with the National Registry, it will be sufficient to have an order from the competent court authority for the respective section of that Registry to register or transfer the assets in favor of the Costa Rican Institute on Drugs.

Immediately upon the final ruling, the competent authority will send an order to register or transfer, attaching the respective security stub and it will be exempt from the payment of transfer and ownership taxes provided under Ley Nº 7088, as well as the payment of transfer and registration tax stamps and duties. These cases will not require the respective letter issued by the Ministry of Finance, Exemptions Department.

Article 90. If after a year from when the assets were confiscated, the identity of the actor or accomplice in the crime cannot be established or the latter has abandoned the assets of financial interest, the elements and the transportation measures used, the competent authority will order final confiscation of those assets, which will then be passed to the Institute for the purposes provided under this Law.

Likewise, when more than three months have elapsed from the time the criminal trial has been finalized or closed, without those who could allege legitimate legal interest in the assets of financial interest used to commit the crimes under this Law, having done anything to withdraw them, the action by the interested party to file any claim will expire, and the Institute may dispose of the assets, after receiving authorization from the court that heard the case. The provisions of Article 89 of this Law will be followed for that purpose.

Article 91. In cases where the competent court authority orders, by final ruling, the confiscation of the assets that, by their nature are subject to registration or transfer with the National Registry, and these are in such a deteriorated condition that it is impossible or excessively burdensome to repair or improve them, the Institute may use them for the purposes described under this Law, without requiring registration or transfer with the National Registry. The assessment of the condition of the assets will be made by the Ministry of Finance, Assessment Department.

Article 92. The natural or legal person whose patent, permit, concession or license has been cancelled, may not be authorized, personally or through third parties, whether natural or legal persons, to have new permits, concessions or licenses, for ten years after cancellation.


**Unidad de Repatriaciones**

**SINGLE ARGICLE:  Add to Article 77 bis, whose text will state:**

**Article. 77 bis.** The penalty provided under the preceding Article will be 3 to 8 years' imprisonment, when a woman is the actor or accomplice in introducing toxic substances, narcotics or psychotropic substances into the penitentiary and meets one or several of the following conditions:

a) She is in a condition of poverty.

b) She is the head of household in a condition of vulnerability.

c) She is responsible for minors, elderly persons or persons with any kind of disability that warrants their dependence on the person responsible for them.

d) She is an elderly person in conditions of vulnerability.

If any of the foregoing conditions are determined, the competent judge or the judge executing the sentence may decide that the sentence imposed may be served under home detention, probation, trusted centers, deprivation of freedom using electronic non-stigmatizing devices or any other types of measure alternative to imprisonment.

15/3/2024
13:21





**TRIBUNAL SUPREMO DE ELECCIONES**
**REGISTRO CIVIL**
**INFORME REGISTRAL**
**NACIMIENTO**

| | |
|---|---|
| **Número de Cédula:** | 801070509 |
| **Nombre:** | EDWARD ERLY |
| **Primer Apellido:** | MURILLO |
| **Segundo Apellido:** | ANGULO |
| **Conocido/a Como:** | |
| **Fecha de Nacimiento:** | 20/10/1982 |
| **Lugar de Nacimiento:** | COLOMBIA |
| **Nacionalidad:** | COSTARRICENSE POR NATURALIZACION |
| **Estado Civil:** | CASADO/A |
| **Hijo/a de:** | JOSE HENRY MURILLO GAMBOA |
| **Y:** | BENICIA ANGULO FERRIN |
| **Empadronado/a:** | SI |
| **Fallecido/a:** | NO |
| **Marginal:** | NO |



**U.S. Department of Justice**

Criminal Division

*Office of International Affairs*                                    *Washington, D.C.  20530*

October 26, 2023

Lic. Walter Corea Quirós
Dirección General de Adaptación Social
Autoridad Central Ejectuora de Repatriación de Personas Sentenciadas
Ministerio de Justicia y Gracia
Calle primera entre avenidas 12 y 14
Frente a la escuela Marcelino Garcia Flamenco
San José, Costa Rica

     Re:    Edward Erley Murillo-Angulo, Reg. No. 33074-509
           Approval of Request to Transfer to Costa Rica
           Under the COE Convention on the Transfer of Sentenced Persons

Dear Mr. Corea:

On July 18, 2023, the United States approved the request of the above-referenced prisoner to transfer to Costa Rica to serve his prison sentence.  The prisoner is currently incarcerated at the Jesup Federal Correctional Institution, Jesup, Georgia.  The sentence is final at the present time since there are no appeals or post-judgment collateral proceedings pending. Enclosed for your consideration are the following documents:

    1.     Transfer inquiry form;

    2.     Copy of birth certificate and/or passport;

    3.     Copy of the certified judgment;

    4.     Certified copy of the applicable laws;

    5.     Information concerning administration of the sentence;

    6.     Case summary and addendum; and

    7.     Fingerprints and photograph.

If Costa Rica decides to approve the prisoner's transfer, please provide the following:

1.   A document or statement confirming that  Costa Rica approves or consents to the transfer;

2.   A document or statement confirming that the prisoner is a national of  Costa Rica for the purposes of the Convention;

3.   A copy of the relevant law which makes the offense for which the prisoner is in custody in the United States a criminal offense in  Costa Rica;

4.   A statement as to whether the "continued enforcement" procedure or the "conversion of sentence" procedure would be applied; and

5.   A statement indicating the nature and duration of the sentence which the prisoner will serve if he is transferred.  Please include information about arrangements for remission and conditional release.

Sincerely,

Vaughn A. Ary
Director

*Amy Chang Lee/cwb*

By:   Amy Chang Lee
      Associate Director


Enclosures (7)

cc:   Minister Rodolfo Rodriguez Cambronero, Embassy of Costa Rica, Washington, D.C.

cc (without enclosures):
      Consulate General of  Costa Rica, Atlanta, GA
      Jamey Koehn, Federal Bureau of Prisons, Washington, D.C.
      Edward Erley Murillo-Angulo

BP-A0297
MAY 15

Transfer Inquiry and Review

U.S. DEPARTMENT OF JUSTICE                                  FEDERAL BUREAU OF PRISONS

| 1.  Name<br>Murillo-Angulo, Erley Edward | 2.  Date of Birth<br>10-20-1982 |
|---|---|
| 3.  Register Number<br>33074-509 | 4.  Citizenship<br>Colombia/Costa Rica |
| 5.  Institution<br>FSL Jesup, GA | 6.  Place of Birth<br>Colombia |
| 7.  Sentence<br>101 Month Sentence/2 Years SRT | 8.  Offense<br>Aiding and Abetting the International Distribution of 5 Kg or more of a Mixture or Substance containing a detectable amount of Cocaine |

9.  Language Preference Spanish

| 10.  ✔  Eligible<br><br>        Ineligible | 11.  If ineligible:<br>___  Less than six months to serve<br>___  Currently pending appeal<br>___  Mexican National - Immigration Charges Only<br>___  Mexican National - Life Sentence<br>___  Other per PS 5140.42 |
|---|---|

**Case Manager (PRINT/SIGNATURE)**             **Reviewed by Unit Manager (PRINT/SIGNATURE)**

**YES, I AM INTERESTED:**

I hereby indicate an interest in being transferred to continue serving the sentence imposed by United States Judicial Authorities to the country of citizenship or nationality indicated above.  I understand that this is just an inquiry to obtain data before the actual request for transfer and is not binding upon either the government or me.  I understand that I will need to contact my consulate and notify them of my interest in transfer in order for my home country to verify my citizenship or nationality and to initiate any separate transfer procedure applicable in my country.  I understand that failure to make such contact may significantly delay or prevent a favorable decision on my transfer request. I understand that upon approval for transfer, I will be required to attend a consent verification hearing before a United States Magistrate Judge.  I have indicated above the language preference for my verification hearing and understand an interpreter will be available if necessary.

I understand I am not eligible for transfer if I have an appeal or collateral attack pending, but that I may apply for transfer when the appeal or collateral attack process has concluded.

| Inmate Signature | Date<br>2-25-23 |
|---|---|

**NO, I AM NOT INTERESTED:**

I hereby indicate that at this time, I am NOT interested in being transferred to continue serving the sentence imposed by the United States Judicial authorities, to the country of the citizenship indicated above.  I understand I can apply at any time.

| Inmate Signature | Date |
|---|---|

File in Inmate Central File, Section 2, except if FOI Exempt

PDF                          Prescribed by P5140              Replaces BP-297(51) of AUG 11

FILE IN SECTION 2 UNLESS APPROPRIATE FOR PRIVACY FOLDER          SECTION 2

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1

United States District Court
Southern District of Texas

# UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF TEXAS**

Holding Session in Houston

**ENTERED**

September 22, 2022

Nathan Ochsner, Clerk

UNITED STATES OF AMERICA

v.

**EDWARD ERLEY MURILLO-ANGULO**

## JUDGMENT IN A CRIMINAL CASE

**CASE NUMBER: 4:18CR00499-002**

**USM NUMBER: 33074-509**

Ruben Pena, Jr., AFPD

Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 2 on September 20, 2021.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 959(a), 960(b)(1)(B), and 18 U.S.C. § 2 | Aiding and abetting the international distribution of five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, for the purpose of unlawful importation into the United States | 03/27/2017 | 2 |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) remaining _____ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 19, 2022

Date of Imposition of Judgment

Signature of Judge

**KENNETH M. HOYT**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

9 - 22 - 22

Date

The United States Department of Justice certifies that this is a true copy of the original document in the inmate's file maintained by the Bureau of Prisons.

Amy Chang Lee

For Office of International Affairs
United States Department of Justice

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 2 – Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT:     **EDWARD ERLEY MURILLO-ANGULO**
CASE NUMBER:   **4:18CR00499-002**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term
of: 101 months.

This term consists of ONE HUNDRED ONE (101) MONTHS as to Count 2. It is the Court's intent that the defendant
receive credit for time served beginning at his initial arrest in Colombia on November 17, 2018.

☐  See Additional Imprisonment Terms.

☒  The court makes the following recommendations to the Bureau of Prisons:
The defendant be designated to the FCI Jesup facility in Georgia.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____ on _____

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment — Page   3   of   6

DEFENDANT:     **EDWARD ERLEY MURILLO-ANGULO**
CASE NUMBER:   **4:18CR00499-002**

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 2 years.
This term consists of TWO (2) YEARS as to Count 2.

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.
14. If restitution is ordered, the defendant must make restitution as ordered by the Judge and in accordance with the applicable provisions of 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663A and/or 3664. The defendant must also pay the assessment imposed in accordance with 18 U.S.C. § 3013.
15. The defendant must notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3D – Supervised Release

Judgment — Page ___4___ of ___6___

DEFENDANT:          **EDWARD ERLEY MURILLO-ANGULO**
CASE NUMBER:        **4:18CR00499-002**

## SPECIAL CONDITIONS OF SUPERVISION

You must immediately report, continue to report, or surrender to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed. If you are ordered deported from the United States, you must remain outside the United States unless legally authorized to reenter. If you reenter the United States, you must report to the nearest probation office within 72 hours after you return.

You must seek proper documentation from U.S. Immigration and Customs Enforcement authorizing you to work in the United States.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment — Page _____5_____ of _____6_____

DEFENDANT:        **EDWARD ERLEY MURILLO-ANGULO**
CASE NUMBER:      **4:18CR00499-002**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment[1] | JVTA Assessment[2] |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $ | $ | $ | $ |

☐  See Additional Terms for Criminal Monetary Penalties.

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss[3] | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  | $ | $ |  |
| ☐  See Additional Restitution Payees. |  |  |  |
| **TOTALS** | $ | $ |  |

☐  Restitution amount ordered pursuant to plea agreement $_____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

☐  Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

[1]  Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2]  Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[3]  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:    **EDWARD ERLEY MURILLO-ANGULO**
CASE NUMBER:    **4:18CR00499-002**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☐   Lump sum payment of $_____ due immediately, balance due

    ☐   not later than _____, or
    ☐   in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B   ☒   Payment to begin immediately (may be combined with ☐ C, ☐ D, ☒ F below); or

C   ☐   Payment in equal _____ installments of $_____ over a period of _____ ,
    to commence _____ after the date of this judgment; or

D   ☐   Payment in equal _____ installments of $_____ over a period of _____ ,
    to commence _____ after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ after release from imprisonment.
    The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☒   Special instructions regarding the payment of criminal monetary penalties:

    Payable to:   Clerk, U.S. District Court
                  Attn: Finance
                  P.O. Box 61010
                  Houston, TX 77208

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**                          **Joint and Several**        **Corresponding Payee,**
**(including defendant number)**        **Total Amount**        **Amount**        **if appropriate**

☐   See Additional Defendants and Co-Defendants Held Joint and Several.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

<u>Administration of the Sentence</u>

Name: Edward Erley Murillo-Angulo

Sentence: 101 months

Starting date of Sentence: September 19, 2022

Jail time credit: 1402 days

Good conduct time earned as of September 6, 2023: 216 days

Full term release date: April 18, 2027
(Maximum sentence)

Projected release date if prisoner remains in the United States: October 6, 2025



**Departamento de Justicia de los EE.UU.**

División Criminal

_____

*Oficina de Asuntos Internacionales*                         *Washington, D.C.  20530*

Lic. Walter Corea Quirós
Dirección General de Adaptación Social
Autoridad Central Ejecutora de Repatriación de Personas Sentenciadas
Ministerio de Justicia y Gracia
Calle primera entre avenidas 12 y 14
Frente a la escuela Marcelino Garcia Flamenco
San José, Costa Rica

> Re:   Edward Erley Murillo-Angulo, Reg. No. 33074-509
>        Aprobación de Traslado a Costa Rica
>        bajo la COE Convención de Traslado de Personas Condenadas

 Estimado Sr. Corea:

El 18 de julio de 2023, los Estados Unidos aprobaron la solicitud del prisionero antes mencionado para ser transferido a Costa Rica para cumplir su sentencia de encarcelamiento.  El prisionero actualmente se encuentra encarcelado en Jesup Federal Correctional Institution, Jesup, Georgia.  La sentencia es definitiva en el momento actual puesto que no existen procesos de apelación ni juicios colaterales pendientes. Anexos para su consideración se encuentran los siguientes documentos:

1.   Solicitud de transferencia;

2.   Copia certificada del acta de nacimiento y/o el pasaporte;

3.   Copia certificada de la sentencia;

4.   Copia certificada de las leyes aplicables;

5.   Información relacionada con la administración de la condena;

6.   Sumario del caso y apéndice; y

7.   Huellas digitales y fotografía(s).

Si Costa Rica decide solicitar el consiente del prisionero, por favor suministre lo siguiente:

1. Un documento o una declaración que confirma que Costa Rica aprueba o consiente a la transferencia;

2. Un documento o declaración confirmando, de acuerdo con las disposiciones de la Convención, que el prisionero es de origen Costa Rica;

3. Una copia de las leyes relevantes que hacen que el delito debido al cual el prisionero se encuentra bajo la custodia de los Estados Unidos es un delito penal en Costa Rica;

4. Una declaración en la cual se establezca que se aplicaría un procedimiento de "aplicación continua" o un procedimiento de "conversión de la sentencia"; y

5. Una declaración indicando la naturaleza y la duración de la condena que servirá el prisionero si es trasladado. Por favor incluya la información acerca de los arreglos para remisión y libertad condicional.

Atentamente,

Vaughn A. Ary
Director


Por:   Amy Chang Lee
       Director Asociado




Adjuntos (7)

cc:   Minister Rodolfo Rodriguez Cambronero, Embajada de Costa Rica, Washington, D.C.

cc (sin adjuntos):
      Consulado General de Costa Rica, Atlanta, GA
      Jamey Koehn, Agencia Federal de Prisiones, Washington, D.C.
      Edward Erley Murillo-Angulo

AO 245B (Rev. 09/19) Fallo en una causa penal
Hoja 1

Tribunal de Distrito de los Estados Unidos
Distrito Sur de Texas

INGRESADO
22 de septiembre de 2022
Nathan Ochsner, Secretario

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### DISTRITO SUR DE TEXAS
Convocado en Houston

| | |
|---|---|
| **LOS ESTADOS UNIDOS DE AMÉRICA** | **FALLO EN UNA CAUSA PENAL** |
| c. | |
| **EDWARD ERLEY MURILLO-ANGULO** | **NÚMERO DE CAUSA: 4:18CR00499-002** |
| | **NÚMERO USM: 33074-509** |

Rubén Peña, Jr., AFPD
Abogado Defensor

**EL ACUSADO:**

☒  se declaró culpable del/de los cargo(s) 2 el 20 de septiembre de 2021.

☐  se declaró *nolo contendere* al/a los cargo(s) _____
lo cual fue aceptado por el juez.

☐  fue hallado culpable del/de los cargo(s) _____
después de haberse declarado inocente.

Se falla que el acusado es culpable de estos delitos:

| **Sección y Título** | **Naturaleza del Delito** | **Delito concluyó** | **Cargo** |
|---|---|---|---|
| S. 959(a), 960(b)(1)(B), T. 21, C. EE.UU., y s. 2, T. 18, C. EE.UU. | Ayudar y apoyar la distribución internacional de cinco kilogramos o más de una mezcla o sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de categoría II, con el propósito de importarla ilícitamente a los Estados Unidos | 27/marzo/2017 | 2 |

☐  Ver los cargos adicionales de la condena.

Se sentencia al acusado como se dispone en las páginas de la 2 a la __6__ de este fallo.  Se impone la sentencia de conformidad con la Ley de Reforma de Sentencias de 1984.

☐  Se dictamina que el acusado es inocente del/de los cargo(s) _____

☒  Se desestima(n) el/los cargo(s) restantes _____ por moción de los Estados Unidos.

Se ordena que el acusado notifique al fiscal de los Estados Unidos para este distrito dentro de 30 días sobre cualquier cambio de nombre, residencia, o dirección de correo hasta que todas las multas, restitución, costos y cuotas especiales impuestas por este fallo estén pagadas en su totalidad.  Si se ordena pagar restitución, el acusado tiene que notificar al tribunal y al fiscal de los Estados Unidos sobre cualquier cambio material en las circunstancias económicas.

19 de septiembre de 2022
Fecha de imposición de la sentencia

[Firma]
Firma del juez

**KENNETH M. HOYT**
**JUEZ DE DISTRITO DE LOS ESTADOS UNIDOS**
Nombre y cargo del juez

*22-septiembre-22*
Fecha

AO 245B (Rev. 09/19) Fallo en una causa penal
      Hoja 2 - Reclusión
_____

Fallo - Página <u>2</u> de <u>6</u>

NOMBRE DEL ACUSADO:    **EDWARD ERLEY MURILLO-ANGULO**
NÚMERO DE CAUSA:       **4:18CR00499-002**

## RECLUSIÓN

        Por medio del presente, el acusado queda bajo la custodia del Departamento Federal de Penitenciarías para ser recluido por un período total de:   101 meses.
Este período consiste de CIENTO UN (101) MESES en cuanto al cargo 2.  El tribunal tiene la intención de que el acusado reciba crédito por el tiempo ya cumplido desde su arresto inicial en Colombia el 17 de noviembre de 2018.

☐   Ver los términos adicionales del confinamiento.

☒   El tribunal hace las siguientes recomendaciones al Departamento de Penitenciarías:
     Que el acusado sea designado a la institución Instituto Correccional Federal (en adelante FCI, por sus siglas en inglés) Jesup en Georgia.

☒   El acusado queda nuevamente bajo la custodia del alguacil de los Estados Unidos.

☐   El acusado se entregará al alguacil de los Estados Unidos para este distrito:
     ☐   a la(s) _____   el _____
     ☐   de acuerdo con la notificación del alguacil de los Estados Unidos.

☐   El acusado se entregará a la institución designada por el Departamento de Penitenciarías para cumplir su sentencia:
     ☐   antes de las 2 p.m. el _____
     ☐   de acuerdo con la notificación del alguacil de los Estados Unidos.
     ☐   de acuerdo con la notificación de la Oficina de Libertad Condicional o de Servicios Previos al Juicio.

## DILIGENCIAMIENTO

He ejecutado este fallo de la siguiente manera:

_____
_____
_____

      El acusado fue entregado el  _____   a  _____

en _____, con una copia certificada de este fallo.

                   _____
                        ALGUACIL DE LOS ESTADOS UNIDOS

      Por _____
                    ALGUACIL ADJUNTO DE LOS ESTADOS UNIDOS

<u>Administración de la Sentencia</u>

Nombre:   Edward Erley Murillo-Angulo

Sentencia: 101 meses

Fecha de Inicio de la Sentencia:   19 de septiembre de 2022

Tiempo de Crédito Carcelario:   1402 dias

Tiempo Ganado por Buena Conducta al 6 de septiembre de 2023:   216 dias

Fecha de la liberación por
Cumplimiento del Termino (sentencia máxima): 18 de abril de 2027

Fecha proyectada de la liberación
si el prisionero continua en los Estados Unidos:   6 de octubre de 2025